10-3712-cr
United States v. Jefferies

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of September, two thousand eleven.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                               10-3712-cr

CLARENCE JEFFERIES,

*Defendant-Appellant.*

---

FOR APPELLANT:      EYAL DROR (Tai Park, *on the brief*), Park & Jensen, LLP, New York, NY.

FOR APPELLEE:       REBECCA G. MERMELSTEIN, Assistant United States Attorney (Michael E. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgment entered by the United States District Court for the Southern District of New York (Hellerstein, *J.*), which revoked Appellant's supervised release and sentenced him to two years' imprisonment, to be followed by a one-year term of supervised release.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts and procedural history. Appellant raises two primary issues: (1) that the district court abused its discretion by relying on hearsay to find that he violated Specifications One and Two; and (2) that the district court lacked jurisdiction over Specification Three because the court issued the arrest warrant after Appellant's term of supervised release had expired.

We conclude: (a) that the district court did not rely on hearsay to find that Appellant violated Specification One; and (b) that the district court had good cause to rely on hearsay for Specification Two, pursuant to *United States v. Williams*, 443 F.3d 35, 45-47 (2d Cir. 2006). With respect to Specification One, the alleged hearsay statements were probative only for the identification of the victim's

assailant. Appellant freely conceded that he struck the victim (his nephew). Thus, the district court did not rely on any hearsay to conclude that Appellant committed the violation.

The only dispute related to Specification One was whether Appellant *intended* to strike his nephew with a frozen water jug or accidentally struck his nephew in response to being touched with a hot spoon. The Government established the severity of the nephew's injury not by hearsay, but through medical records, photographs, and the testimony of Appellant's probation officer. The district court found:

> The circumstances make it clear . . . that [the incident] was intentional. This [was] not a glancing blow. This [was] a heavy water bottle, either totally or partially frozen that was brought to bear upon the head of the eight-year-old, causing a deep laceration that required . . . more than seven stitches to close. It wasn't a superficial wound that one would expect form a glancing blow. It was a deep wound, a deep wound brought to bear, I think, and reflecting a purposeful blow . . . . [I]t was uncontrolled rage by a 43-year old man to an eight-year-old child.

*United States v. Jefferies*, No. 03-cr-1436, Hr'g Tr. 157:10-19 (S.D.N.Y. June 19, 2010). Clearly, the district court did not rely on hearsay when it found that Appellant violated Specification One.

3

Turning to Specification Two, we do not reach the question of whether the statements in the medical records that identified Appellant as the victim's assailant qualify as an exception to the hearsay rule. *See* Fed. R. Evid. 803(4). Rather, we find that pursuant to *Williams*, 443 F.3d at 45-47, the district court had good cause to admit the statements. In state court, the district attorney dropped the charges against Appellant for Specification Two because the victim and the victim's mother (Appellant's sister) refused to cooperate with the district attorney. These facts are sufficient to allow the Government to introduce the nephew's statements identifying Appellant (his uncle) as his attacker. The only witnesses with first hand knowledge were the victim and his mother; they had refused to cooperate.

Finally, the district court had jurisdiction over Specification Three because: (a) Jefferies was not punished more than once for his conduct, *see United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997); *United States v. Meeks*, 25 F.3d 1117, 1122 (2d Cir. 1994), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000); and (b) estoppel did not preclude the tolling of Jefferies's period

4

of supervised release, *see* 18 U.S.C. §§ 3583(i), 3624(e).

We have considered Jefferies's other arguments and find them to be without merit.  Thus, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk